The plaintiffs proved that the land owned by them and the lands owned by the defendant were all owned by one Thomas E. Brown in 1850, and for some time previously thereto; that a stream of water ran through the entire tract; that there were, at and prior to 1850, on said tract, two milldams and two mills on the said stream, both of which mills were running, occupied, and used at the time of the sale to the defendant hereinafter mentioned; that in 1850 said Brown sold the land whereon the lower mill was and is situated, including the mill, to defendant, and subsequently sold the upper part of the tract, including the mill, to one Smith, under whom plaintiffs claim. The defendant has the older deed from Brown. It was further proved that at and prior to the sale to defendant in 1850 the water was ponded back to some considerable extent by the lower dam upon the land now owned by (186) plaintiffs. There was conflicting evidence as to whether the lower dam had been raised or not since the sale in 1850, the witnesses for the plaintiff swearing that the water was ponded back further on the plaintiff's land than it was in 1850, and that dam had, in their opinion, been raised, and that its ends had been extended back further on the shore, while the witnesses for the defendant swore that the water was no higher than it was when the defendant purchased the land in 1850; that from their observation the dam had not been raised; that the extensions on each end of the dam did not raise the water higher, but they were rendered necessary by the earth's being washed away by freshets at these places, and that the extensions were on defendant's land.
The presiding judge charged the jury:
1. That the defendant had a right to keep his dam of the same capacity as it was at the time he purchased, and if he had not ponded the water further back on the plaintiffs' land by raising the dam, or enlarging it at the ends, than it was ponded at the date of the purchase, the plaintiffs could not recover. *Page 145 
2. That if the defendant had raised his dam, or increased it at one or both ends, so as to pond the water back further on the plaintiffs' land than the dam ponded it at the time of his purchase, then the plaintiffs would be entitled to recover.
The counsel for the plaintiffs then prayed the instruction that if it were established that the plaintiffs' land was overflowed by backwater from the defendant's milldam, it was then incumbent on the defendant to show that the water was backed up to the same extent on plaintiffs' land by the dam before defendant bought from Brown. The judge declined to give the instruction in this from, but submitted the case to the jury on the instructions previously given. Plaintiffs' counsel excepted
Verdict for the defendant. Judgment, and appeal.
It seems entirely clear to us, upon the sale of the (187) parcel of land, including the lower mill, to the defendant Verble, that an easement in the lands reserved by Brown passed by implication to defendant, to the extent, at any rate, held by the judge below. The defendant purchased, as an appurtenant to his mill, the right to keep the water-power in the condition it then was for the purpose of propelling his machinery; and the subsequent sale of the residue of his land, including the other mill, by Brown, passed the estate to the purchasers, Kestler and Lyerly, encumbered with this easement. Brown could not disencumber it, nor can his vendees do it without the concurrence of Verble. The instructions to the jury are based upon this view of the case, and are, in our opinion, entirely correct.
The only ground for a complaint to rest upon is the assumption that Verble's dam had been elevated, and the water raised higher upon the land of the plaintiffs than it was accustomed to stand prior to defendant's purchase. This was the gist of the action, and, we take it, the burden of proving it was upon the complaints.
The instructions asked for were, therefore, properly refused. There is
PER CURIAM. No error.
Cited: Jones v. Clark, post, 421; Latta v. Electric Co., 146 N.C. 298. *Page 146